```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| MICHAEL LEWITTES,<br><br>                              Plaintiff,<br><br>          - against -<br><br>JAMIE COHEN, JOSHUA BLUME and MAR-ILYN BLUME,<br><br>                              Defendants. | 03 Civ. 189 (CSH) |

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION
FOR LEAVE TO AMEND THE COMPLAINT NUNC PRO TUNC**

---

```
                              HILARY B. MILLER
                                  (HM-4041)
                             112 Parsonage Road
                      Greenwich, Connecticut 06830-3942
                                (203) 399-1320

                              Attorney for Defendants
```

February 14, 2004

**INTRODUCTORY STATEMENT**

Defendants respectfully submit this reply memorandum of law in further support of their motion for judgment on the pleadings, and in opposition to plaintiff's cross-motion for leave to amend the complaint <u>nunc</u> <u>pro</u> <u>tunc</u>.[1]

Defendants have already demonstrated the futility of amendment to the original complaint filed herein, and, accordingly, plaintiff's cross-motion should be denied.

For the reasons hereinafter set forth, defendants' motion should be granted.

**ARGUMENT**

POINT I

**<u>PLAINTIFF'S LIBEL CLAIMS ARE UNEQUIVOCALLY TIME-BARRED</u>**

**A. Plaintiff Is Bound By The Claims Of His Complaint Regarding The Date On Which The Allegedly Defamatory Material Was First Published.**

Plaintiff admits that his libel claims are subject to a one-year statute of limitations. Faced with this implacable defense, plaintiff backpedals on the claims of his own complaint: he asserts that the "record" is unclear regarding the precise date on which the allegedly defamatory material was first posted or

---

[1] Since defendants originally filed their motion, the Lewittes litigation machine has continued to spiral out of control: on January 31, the Lewittes brothers served the summons and complaint in yet another spurious lawsuit commenced in this Court: <u>Lewittes v. Lobis</u>, 04 Civ. 155 (JSR). In this latest lawsuit, plaintiff's brother David now sues the New York Supreme Court Justice who presided over his matrimonial action, and his children's law guardian in that action, for violations of his civil rights.

-2-

whether, following the date of first publication, defendants revised their web site.

This is an extraordinarily disingenuous assertion.  The purpose of a Rule 12 motion is to test the legal sufficiency of plaintiff's actual pleadings, not of the facts that plaintiff wishes he had pled.  In this case, <u>the Complaint[2] (at ¶13) itself unequivocally asserts that the offending web site was created on March 30, 2000</u>, almost three years prior to the commencement of this action on January 9, 2003.  Creation of the web site is an act different from mere registration of a domain name; the former can be accomplished only by publication of actual content to the Internet.

Nowhere in the Complaint does plaintiff allege that any material was published to the Internet on any date other than March 30, 2000, nor does the Complaint assert that the web site was changed at any time after March 30, 2000.  Nor does plaintiff assert such facts in the affidavit supporting his cross-motion.  Plaintiff does not succeed in creating a material question of fact regarding these issues merely by stating that the "record is unclear."

Plaintiff now argues simply that there may be a question of fact regarding the matters he alleges as true in his own Com-

---

[2]As used herein, capitalized terms have the meanings ascribed to them in defendants' brief in chief, unless the context otherwise requires.

plaint.  This argument is not available to plaintiff, because Rule 12(c), Fed. R. Civ. P., requires that the allegations of the Complaint be taken as true for purposes of this motion.  Patel v. Searles, 305 F.3d 130, 134-35 (2d Cir. 2002), cert. denied, 123 S. Ct. 1486 (2003).  Plaintiff will not now be heard to deny the truth of his own Complaint.

The absence of a "record" regarding the date of defendants' first publication of the offending web site and any changes therein cannot be asserted to defeat defendants' motion.  Accordingly, plaintiff's libel claims must be dismissed.

**B. Equitable Estoppel Is Unavailable To Toll The Statute Of Limitations.**

Plaintiff alleges that the statute of limitations should not apply to his claims because defendants registered the domain name <lewittes.com> in the name of a pseudonymous registrant, thereby somehow preventing plaintiff from timely filing this action because he could not discover the identities of the true defendants.

This claim is without merit.  First, and most importantly, plaintiff alleges that he first discovered the allegedly libelous web site in June 2002,[3] more than two years after plaintiff claims that the offending material was first published (March 30, 2000; Complaint, ¶13).  Thus, even if defendants had not used a

---

[3] Affidavit of Michael Lewittes sworn to January 31, 2004, ¶¶9-10.

pseudonym in registering the domain name, plaintiff could not possibly have commenced this action against the "real" defendants within the applicable one-year limitation period.

Second, equitable estoppel does not apply to the circumstances of this case. Plaintiff correctly cites Farkas v. Farkas, 168 F.3d 638, 642 (2d Cir. 1999), for the general rule regarding equitable tolling, but then he misapplies it. Farkas makes clear that equitable estoppel occurs when defendants conceal the cause of action from plaintiff, such as by concealing a crime by acts committed after the original crime. Id. In the case at bar, plaintiff does not allege, nor can he allege, that any acts of defendants committed after their alleged original tort prevented plaintiff from timely discovering the alleged libel or induced plaintiff to refrain from filing. Absent such an assertion, plaintiff had an unfailing duty to discover defendants' alleged libel and sue before the expiration of the statute of limitations. Gleason v. Spota, 194 A.D.2d 764, 599 N.Y.S.2d 297, 299 (2d Dep't 1993).

Plaintiff's equitable estoppel claim simply makes no sense. He does not claim that he was somehow precluded by defendants' conduct from discovering the existence of the offending web site. And plaintiff's failure to know defendants' precise identities did not stop plaintiff from filing this suit — as he did — origi-

nally naming "John Doe" defendants and later seeking to amend to show their true names.[4]

Phrased another way, unless defendants affirmatively concealed not merely their identity but the existence and nature of plaintiff's cause of action from plaintiff, plaintiff was required to discover the offending web site and commence suit within one year of first publication.  Plaintiff does not allege, as he must, that he relied on an affirmative misrepresentation of fact by defendants in failing to commence this action on a timely basis.  This failure is entirely fatal to plaintiff's claims. <u>Buttry v. Gen'l Signal Corp.</u>, 68 F.3d 1488, 1493 (2d Cir. 1995).

Plaintiff bears the entire burden of showing that equitable tolling should apply.  <u>Park Assoc. v. Crescent Park Assoc., Inc.</u>, 159 A.D.2d 460, 552 N.Y.S.2d 314, 315 (1st Dep't 1990).  He has failed to meet that burden.

### POINT II

### PLAINTIFF'S TRADEMARK CLAIMS FAIL BECAUSE OF THE ABSENCE OF "COMMERCE"

All of plaintiff's claims sounding in trademark fail for the same reason: the absence of any claim of use by defendants "in commerce" of the alleged LEWITTES mark.

---

[4] Defendant agrees with plaintiff's "relation back" argument, which is beyond dispute and a matter of black-letter law.  But even if the libel claims asserted for the first time in the Third Amended Complaint relate back to the date of original filing of this action, they are still untimely by almost two years.

Plaintiff tries to save these claims by asserting, as the sole basis for an alleged "commercial" use of the mark, the inclusion of the words "Soon to be a major motion picture" in defendants' web site.  These words, in the context in which they were used, cannot seriously be understood as anything other than a literary device.  Plaintiff does not claim that any such motion picture was ever produced, and he cannot now seriously allege that any such motion picture was ever in the works.  This Court likewise cannot reasonably believe that a "major motion picture" regarding the Lewittes family's matrimonial affairs might ever be produced.

Plaintiff fails to distinguish Bihari v. Gross, 119 F. Supp. 2d 309, 318 (S.D.N.Y. 2000), which is entirely dispositive of the case at bar and on all fours with its facts.

Ultimately, and perhaps most importantly, plaintiff ineffectively rebuts defendants' complete defense that Marilyn was privileged to register her own surname, Lewittes, as a domain name.  A fair reading of the content of the web site shows that it is overwhelmingly a "fair" (i.e., non-trademark) use of the Lewittes name.

Therefore, plaintiff's trademark claims — the third through sixth counts — fail to state a cause of action and must be dismissed.[5]

**CONCLUSION**

For these reasons, defendants request that this Court grant their motion for judgment on the pleadings, that this matter be dismissed in its entirety, and that plaintiff's cross-motion be denied.

Dated: New York, New York
       February 14, 2004

              _____
                    HILARY B. MILLER
                       (HM-4041)
                   112 Parsonage Road
                 Greenwich, Connecticut
                       06830-3942
                     (203) 399-1320

                   *Attorney for Defendants*

---

[5] Because subject-matter jurisdiction is founded solely on the existence of a federal question, dismissal of the trademark counts will require dismissal of plaintiff's pendent state-law libel claim.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was mailed this 14th day of February, 2004, by first-class mail, with postage prepaid, to:

>Christopher L. Deininger, Esq.
>Michael S. Bubb, P.C.
>25 Prospect Street
>Morristown, New Jersey 07960-68091

_____
HILARY B. MILLER
HM-4041

C:\Documents and Settings\Hilary B. Miller\My Documents\Documents\Blume, Marilyn ads Lewittes\Brief reply re motion for j on pleadings.doc (February 14, 2004 at 08:03:00 Rev. 15)